CHURCH STATE COUNCIL
Alan J. Reinach, Esq. SBN. 196899
Jonathon S. Cherne, SBN. 281548, of counsel
2686 Townsgate Road,
Westlake Village, CA 91361
805.413-7398
Fax: 805.497-3828
E-mail: ajreinach@churchstate.org
Jcherne@churchstate.org

Counsel for Plaintiff ANDREW HUNT

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANDREW HUNT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SUNRISE OPERATIONS, LLC; and Does 1-10<br><br>Defendants. | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Religious Discrimination – Title VII<br>2. Failure to Provide Religious Accommodation in Violation – Title VII<br>3. Retaliation -- Title VII<br>4. Religious Coercion - Harassment Title VII<br>5. Religious Discrimination-Disparate Treatment, Cal. Gov. Code § 12940(a)<br>6. Religious Discrimination-Failure to Accommodate, Gov. Code § 12940(l)<br>7. Retaliation, Gov. Code § 12940(h)<br><br>**JURY TRIAL DEMAND** |

## INTRODUCTION

1. Andrew Hunt served as Chief Engineer for an old steamship owned and operated by Defendants.

2. Despite his many years of faithful and effective professional service, when the Covid-19 vaccines became available, Defendants refused to consider accommodating Hunt's religious beliefs against receiving the vaccine.

3. Hunt carefully researched the issue and learned that each of the available vaccines either incorporated cells from aborted fetal tissue, or were developed and/or tested with cells derived from abortions.

4. As a Christian, Hunt found this deeply offensive, and refused to have anything to do with anything connected to abortion.

5. Although Defendants claimed to respect Hunt's religious beliefs, they made no effort to explore available alternatives to vaccination.

6. Although contractors were permitted on board ship while unvaccinated, and ever permitted to stay overnight when needed to complete repair work, Defendants claimed they could not permit Hunt to be on board ship without being vaccinated.

7. Defendants repeatedly pressured Hunt to change his religious beliefs, on threat of termination, a threat they made good. Hunt's employment was terminated on December 31, 2021, and he files this lawsuit to vindicate his civil rights and religious freedom.

**PARTIES**

8. Plaintiff Andrew Hunt is an individual who, during all relevant times, resided in Washington state. He is and was protected by Title VII of the Civil Rights Act of 1964 and the California Fair Employment and Housing Act, as he was employed by a California company. He is a member of a protected class on account of his religion, Christian.

9. Based on information and belief, Defendant Sunrise Operations, LLC was incorporated as a California corporation on 10/23/2014, whose principal place of business was 4040 Civic Center Drive, Ste 350, San Rafael, CA 94903. On April 24, 2018, it converted out

to a North Carolina corporation., but continues to operate its business from 4040 Civic Center Drive, Ste 350 San Rafael, CA 94903, and is an employer as defined by FEHA and Title VII in that it employs more than fifteen (15) employees .

**10.** Plaintiff is informed and believes and thereon alleges that the fictitiously- named Defendants sued herein as Does 1 through 10 inclusive, and each of them, are in some manner responsible for the occurrences, acts, and omissions alleged herein and that Plaintiff's damages were proximately caused by their conduct. The true names and capacities of such fictitiously- named Doe Defendants, whether individual, corporate, LLC, partnership, associate or otherwise, are presently unknown to Plaintiff, and Plaintiff will seek leave of the Court to amend this Complaint to assert the true names and capacities of such fictitiously named Defendants when the same have been ascertained. For convenience, each reference to the named Defendants herein shall also refer to Does 1 through 10, inclusive.

**JURISDICTION AND VENUE**

11. This action arises under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq, and the California Fair Employment and Housing Act. Plaintiff seeks damages for unlawful discrimination arising from his termination due to his religion – Christian .

12. Jurisdiction of this Court is based on a claim of deprivation of Federal Civil Rights and invoked pursuant to the following statutes:

   a. 28 U.S.C. § 1331, giving district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; and

   b. 28 U.S.C. § 1343, giving district courts original jurisdiction over actions to secure civil rights extended by the United States governments.

13. In accordance with 28 U.S.C. §1367, supplemental jurisdiction is proper with respect to Plaintiff's state law claims because these claims arise from the same case and controversy as Plaintiff's Title VII claims.

14. Plaintiff timely filed a charge with the the Equal Employment Opportunity Commission ("EEOC"), charge number 480-2022-06009. The EEOC complaint named, in addition to Defendant Sunrise Operations, LLC, the parent company of Sunrise, The Pasha Group, and also the Marine Engineers' Beneficial Association, plaintiff's labor union.

15. The EEOC divided the charge into three separate charges, and two remain pending.

16. Plaintiff has exhausted his administrative remedies against Sunrise Operations, LLC, and this Complaint was timely filed within 90 days of Plaintiff's receipt of the Notice of Right to Sue on September 18, 2023, as well as within one year of a right to sue issued by the California Civil Rights Department

17. Venue is proper in the Northern District of California because of the events or omissions giving rise to the claims alleged herein occurred in this District, pursuant to 28 U.S.C. §1391. At the time this action commenced, Defendantsare subject to personal jurisdiction in the Northern District because they have sufficient contacts with the forum to subject it to personal jurisdiction in this District.

**JURY TRIAL DEMAND**

18. Hunt demands a jury trial.

**STATEMENT OF FACTS**

19. Hunt has served as an Engineer for the S.S. Horizon Pacific for approximately twelve (12) years, or since approximately 2010, beginning as a First Engieneer, and as of December, 2013, becoming Permanent Chief Engineer.

20. The vessel is a commercial container ship that customarily traveled a route between Los Angeles, California nd Honolulu, Hawaii.

21. Hunt served as the Chief Engineer prior to Respondent Pasha taking ownership of the ship in or about 2016 and continued to serve in this role for approximately five (5) years.

22. Hunt is a member of the Marine Engineers' Beneficial Association ("MEBA"), which is a union representing the Merchant Marines who work on ships owned and/or operated by the Defendant.

23. On or about November 3, 2021, while he was on vacation, Hunt became aware that Defendants had mandated that all of its employees be vaccinated against COVID-19. Hunt was expected to return to duty on December 31, 2021.

24. Shortly thereafter, Hunt requested information from his labor union, MEBA, on how to submit a request for a religious exemption from the vaccine requirement.

25. Not having any received any help from MEBA, the union, Hunt drafted and submitted a request for a religious exemption to the vaccine requirement to both Defendants and MEBA on or about November 5, 2021.

26. Hunt expressed his belief that he could not permit the injection of anything into his body that was developed through the use of aborted fetal tissue.

27. As an Orthodox Christian, Hunt consulted authoritative religious sources, and found that the available vaccines were all developed with the use of aborted fetal tissue. He stated: "I am of the opinion that receiving the vaccines mentioned above would be participating in the sin of abortion, thereby resulting in my spiritual death. While neither death is desirable, the Church has since antiquity declared that spiritual death is magnitudes less desirable than physical death because spiritual death results in the eternal suffering of our souls, as is declared in Revelation 21:8 – "But the fearful, and unbelieving, and the abominable, and murderers and whoremongers and sorcerers and idolators and all liars shall have their part in the lake which burneth with fire and

brimstone: which is the second death." And again in Revelation 20:14 – And death and hell were cast into the lake of fire. This is the second death."

28. Hunt recited numerous Orthodox religious authorities who expressed religious objections to the vaccine, but the conclusion of the matter, for Hunt was this: "I cannot accept a vaccine which results from the murder of babies, and therefore am requesting an exemption to the vaccine so that I do not participate in this grave sin."

29. Shortly thereafter, on November 9, 2021, Defendant Sunrise issued a written response.

30. Defendant Sunrise represented that its response was after consultation with MEBA, which will be added as a Defendant once the EEOC issues its right to sue.

31. Defendant Sunrise conceded that Hunt had a sincerely held religious objection to the vaccine, stating: "We recognize that you have sincerely held religious beliefs that you feel would be violated were you to get a vaccine for COVID 19."

32. Defendant rejected providing Hunt a religious accommodation, but also said that because "you are a valuable officer aboard the Horizon Pacific," it would permit him to maintain his permanent position onboard until December 31st, in hopes he would change his mind.

33. Defendant threatened Hunt that if he failed to receive the vaccination prior to December 31, 2021, he would "lose [his] position as a permanent officer and will no longer be eligible to sail on vessesls crewed by Sunrise Operations LLC."

34. On or about November 17, 2021, during a Zoom meeting with MEBA, MEBA attempted to discourage Hunt from pursing his religious exemption or filing a claim with the Equal Employment Opportunity Commission ("EEOC"), and that he would not be able to work for any of the MEBA companies, as no one else had been granted exemptions.

35. On or about December 8, 2021, Hunt met with MEBA and Defendant's representative Ed Washburn (hereinafter "Washburn") to discuss the Defendants' position as to his request for a religious exemption and accommodation. Washburn told Hunt he "would not provide accommodations for anyone," thereby betraying his legal obligation to make a good faith effort to explore available accommodations.

36. Hunt offered a proposal that he be tested for COVID-19 antibodies – as he had already contracted COVID-19 – and offered to be tested for COVID-19 on a weekly basis, as required in the OSHA mandate issued by President Biden, and remain onboard the SS. Horizon Pacific for his entire rotation.

37. On information and belief, Hunt was not even medically eligible to receive the Covid-19 vaccine since he had recently been infected with the virus itself.

38. In response, Defendants simply placed Hunt on an unpaid leave of absence to see whether he would change his belief and receive the vaccine.

39. Hunt informed Defendants he did not want to be placed on an unpaid leave of absence, and that he was healthy, ready, willing, and able to return to work in December 2021.

40. Instead, Washburn told Hunt he hoped Hunt would change his sincerely held religious beliefs, and that vendors and longshoremen were only required to provide a "Statement of Health."

41. Upon information and belief, other vendors, longshoreman, and at least one other member of the ship had been permitted to finish their assignments on board the S.S. Horizon Pacific without the requirement to be vaccinated against COVID-19.

42. The parties agreed to meet again on December 20, 2021 for a follow-up prior to the start of the upcoming rotation.

43. On December 20, 2021, Hunt met again with Washburn and MEBA at which time

Defendants confirmed its refusal to provide any accommodation. Hunt reiterated that he was not voluntarily relinquishing his position, and that he was ready to return to work on December 31, 2021, as scheduled.

44. Washburn again told Hunt he hoped Hunt would change his religious beliefs so they could "keep him on board."

45. Hunt also asked Washburn to send him a letter confirming his termination from employment as Chief Engineer with the S.S. Horizon Pacific as of December 31, 2021, and Washburn said he would do so and send Hunt's personal items to his home.

46. Ultimately, on or about December 31, 2021, Defendants failed to provide Hunt a "return to work letter" authorizing his return to work aboard the S.S. Horizon Pacific, as expected to occur on December 31, 2021, effectively terminating his employment.

47. On or about January 4, 2022, Hunt filed two (2) grievances in person at MEBA's Seattle Union Hall with Branch Agent Jeff Duncan.

48. Hunt received confirmation from MEBA on January 6, 2022 that his grievances had been filed.

49. The two grievances concerned Defendants' failure to comply with the contract with respect to his termination, as well as alleging religious discrimination and harassment.

50. On or about January 4, 2022, Hunt registered to be able to take possible future jobs off of the job board, as he understood he had been terminated from his previous job and not able to take any further jobs with Defendants.

51. On February 7, 2022, Hunt received a letter from Defendant stating he was unfit for duty.

## FIRST CAUSE OF ACTION

**RELIGIOUS DISCRIMINATION-DISPARATE TREATMENT**
**TITLE VII**

52. Hunt realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

53. Under Title VII, it is unlawful for an employer to discharge a person or “to discriminate against any person with respect to her [or her] compensation, terms, conditions, or privileges of employment” because of a person’s “religion.” 42 U.S.C. § 2000e-2. A person’s religion “includes all aspects of religious observance and practice, as well as belief.” Id at § 2000e.

54. Hunt is a member of a protected class based on his religion as broadly defined to include both religious beliefs and practices. He is a Christian.

55. Hunt was qualified for the position as he had been performing satisfactorily in the position for many years.

56. Defendants subjected Hunt to adverse employment actions by placing him on unpaid leave, threatening to terminate his employment if he did not change his religious belief, and finally, terminated his employment.

57. Defendants’ termination of Hunt was substantially motivated by his religion, in that Hunt was fired because of his religious belief and practice with respect to declining the Covid-19 vaccine.

58. Defendants also subjected Hunt to an adverse employment action by twice telling Hunt he could keep his job if only he would change his religion, thereby coercing Hunt to make the Hobson’s choice between his religion and his job, and threatening him with termination if he did not change his belief.

59. Defendants also discriminated against Hunt in that it permitted contractors to be on board ship while unvaccinated, and in the living quarters for several days, but it denied him the same opportunity.

60. Defendants' discriminatory actions violated Plaintiff's rights not to suffer discrimination on account of his religion pursuant to 42 U.S.C § 2000e-2.

61. Title VII of the Civil Rights Act prohibits employers from terminating employees due to their religion.

62. The actions complained of herein constitute religious discrimination.

63. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

64. As a further direct and proximate result of Defendants' discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

65. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

66. Defendants' conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendants in an amount according to proof.

//

**<u>SECOND CAUSE OF ACTION</u>**
**RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE**
**TITLE VII**

67. Plaintiff re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.
68. At all times herein mentioned, the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. was in full force and effect and was binding on Defendant.
69. Plaintiff Hunt has a sincerely held religious belief to refrain from receiving the Covid-19 vaccines available in 2021 all of which either contained or were developed using fetal cell tissue.
70. Hunt clearly communicated his religious belief to Defendants, who acknowledged the sincerity of his belief.
71. When faced with requests for religious accommodation, employers are obligated to provide reasonable accommodation to an employee's religious observance or practice. 42 U.S.C. 2000e(j). Protected religious belief or observance includes "all aspects of religious observance and practice, as well as belief." Id.
72. Employers are also required to engage in a good faith interactive process with the employee to determine whether they can be reasonably accommodated without undue hardship.
73. Defendants failed to consider providing Hunt a religious accommodation, informing him they would not provide *any* accommodations.
74. By failing and refusing to provide Hunt a religious accommodation, Defendants discriminated against him, terminating his employment.
75. As a direct and proximate result of Defendants' failure to accommodate Hunt, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

76. As a further direct and proximate result of Defendants' discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

77. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

78. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**THIRD CAUSE OF ACTION**
**RETALIATION -- TITLE VII**

79. Hunt realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

80. Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e-3(a) makes it unlawful for an employer to retaliate against its employees because the person "opposes any practice made an unlawful employment practice by [Title VII] or because [the employee] has made a charge, testified, assisted, or participate in any manner in an investigation, proceeding, or hearing under this subchapter."

81. The Equal Employment Opportunity Commission (EEOC) takes "the position that requesting a religious accommodation is a protected activity under the provision of Title VII." U.S. Equal Emp. Opportunity Comm'n, Section 12: Religious Discrimination, EEOC-CVG-2021-3, as reprinted in EEOC Compliance Manual on Religious Discrimination (Jan. 15, 2021), https://www.eeoc.gov/laws/guidance/section-12-religious-discrimination#_ftn321 (last visited June 5, 2023).

82. Hunt engaged in a protected activity by requesting religious accommodation not to receive the COVID-19 vaccine.

83. Defendants then subjected Hunt to an adverse employment action by placing him on an unpaid leave, threatening him with termination if he didn't change his belief, and terminating his employment.

84. On information and belief, Defendants terminated Hunt's employment in retaliation for seeking religious accommodation.

85. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

86. As a further direct and proximate result of Defendants' discriminatory actions against Plaintiff, as alleged above, Plaintiff has been harmed in that he suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

87. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

88. Defendants' conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

## FOURTH CAUSE OF ACTION
## RELIGIOUS COERCION - HARASSMENT
## TITLE VII

89. Hunt realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

90. At all times mentioned herein, Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1), was in full force and effect and was binding upon Defendants.

91. "Title VII is violated when an employer or supervisor explicitly or implicitly coerces an employee to abandon, alter, or adopt a religious practice as a condition of receiving a job benefit or privilege or avoiding an adverse employment action." EEOC Compliance Manual, Section 12: Religious Discrimination, supra. (under the heading "Harassment")

92. Defendants conditioned Hunt's employment on his abandoning his sincerely held religious belief not to be vaccinated against COVID-19.

93. Defendants conducted two meetings with Hunt, as alleged, although ostensibly to discuss religious accommodation, in fact, Defendants told Hunt at each meeting that the decision was firm not to provide an accommodation, and expressing the hope that Hunt would change his beliefs and receive the Covid-19 vaccine.

94. The only purpose of these meetings, therefore, was to pressure Hunt into changing his religious belief and practice.

95. As such, Defendants subjected Hunt to the Hobson's choice between his religious beliefs and keeping his job.

96. When Hunt failed to submit to Defendants' will, he was terminated.

97. As a direct and proximate result, Plaintiff suffered harm in the form of past and future lost wages and benefits and other pecuniary loss, including, but not limited to, costs associated with finding other employment.

98. As a further direct and proximate result of Defendants' discriminatory action against Plaintiff, as alleged above, Plaintiff has been harmed in that she suffered humiliation, mental anguish, and emotional physical distress, and has been injured in mind and body, in an amount according to proof.

99. Plaintiff also seeks reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k).

100. Defendant's conduct was despicable and the acts herein alleged were malicious, fraudulent and oppressive, and were committed with an improper and evil motive to injure Plaintiff, amounting to malice and in conscious disregard of plaintiff's rights. Plaintiff is thus entitled to recover punitive damages from Defendant in an amount according to proof.

**FIFTH CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION-DISPARATE TREATMENT, CAL. GOV. CODE § 12940(a) (FEHA)**

101. Hunt realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

102. It is unlawful for an employer to discharge a person, "or to discriminate against the person in compensation or in terms, conditions, or privileges of employment" because of a person's "religious creed." (Gov. Code § 12940, subd. (a).) A person's religious creed includes "all aspects of religious belief, observance, and practice." (Gov. Code § 12926 subd. (q).)

103. Hunt was qualified for the position as he had been performing satisfactorily in the position for many years.

104. Defendants subjected Hunt to adverse employment actions by placing him on unpaid leave, threatening to terminate his employment if he did not change his religious belief, and finally, terminated his employment.

105. Defendants' termination of Hunt was substantially motivated by his religion, in that Hunt was fired because of his religious belief and practice with respect to declining the Covid-19 vaccine.

106. Defendants also discriminated against Hunt in that it permitted contractors to be on board ship while unvaccinated, and in the living quarters for several days, but it denied him the same opportunity.

107. The actions complained of herein constitute religious discrimination.

108. Defendant's discriminatory actions are in violation of Hunt's rights pursuant to Gov. Code § 12940, subd. (a) not to suffer discrimination on account of his religion.

109. As a proximate result of the aforesaid acts of Defendants, Hunt has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment opportunities in his field, all in an amount subject to proof at the time of trial. Hunt claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

110. As a proximate result of the wrongful acts of Defendant, Hunt has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Hunt is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

111. As a proximate result of the wrongful acts of Defendant, Hunt has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Hunt is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

//

//

//

**SIXTH CAUSE OF ACTION**
**RELIGIOUS DISCRIMINATION-FAILURE TO ACCOMMODATE**
**GOVERNMENT CODE § 12940(l)(1)**

112. Hunt re-alleges and incorporates herein by reference all of the above paragraphs, as though fully set forth herein.

113. At all times herein mentioned, Government Code § 12940 et seq. was in full force and effect and was binding on Defendant.

114. When faced with requests for religious accommodation, employers are obligated to explore "any available reasonable alternative means of accommodating the religious belief or observance" (Gov. Code § 12940, subd. (l)(1)).

115. Protected religious belief or observance includes "all aspects of religious belief, observance, and practice" (Gov. Code § 12926, subd. (q)).

116. Despite Hunt notifying Defendant of his need for religious accommodation to the COVID-19 vaccine, Defendant utterly failed to comply with legal obligations both to explore available reasonable alternative accommodations, and to implement a religious accommodation.

117. By failing and refusing to provide Hunt a religious accommodation, Defendant discriminated against him, terminating his employment.

118. As a proximate result of the aforesaid acts of Defendants, Hunt has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities, all in an amount subject to proof at the time of trial. Hunt claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

119. As a proximate result of the wrongful acts of Defendants, Hunt has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as

well as the manifestation of physical symptoms. Hunt is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

120. As a proximate result of the wrongful acts of Defendant, Hunt has been forced to hire attorneys to prosecute his claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Hunt is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

**SEVENTH CAUSE OF ACTION**
**RETALIATION**
**CAL. GOV. CODE § 12940(h) and (l)(4)**

121. Hunt realleges and incorporates herein by reference all of the above paragraphs as though fully set forth herein.

122. Government Code § 12940 (h) makes it unlawful for an employer to retaliate against "any person because the person has opposed any practices forbidden under this part …."

123. Government Code § 12940(l)(4) modifies § 12940(h) to specify that a request for religious accommodation is an activity protected against retaliation.

124. Hunt engaged in a protected activity by requesting religious accommodation not to receive the COVID-19 vaccine.

125. Defendants then subjected Hunt to an adverse employment action by placing him on an unpaid leave, threatening him with termination if he didn't change his belief, and terminating his employment.

126. On information and belief, Defendants terminated Hunt's employment in retaliation for seeking religious accommodation.

127. As a proximate result of the aforesaid acts of Defendant, Hunt has suffered actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, and the intangible loss of employment related opportunities, all in an amount subject to proof at the time of trial. Hunt claims such amounts as damages pursuant to Civil Code § 3287 and/or § 3288 and/or any other provision of law providing for prejudgment interest.

128. As a proximate result of the wrongful acts of Defendant, Hunt has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Hunt is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial.

129. As a proximate result of the wrongful acts of Defendant, Hunt has been forced to hire attorneys to prosecute her claims herein and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Hunt is entitled to recover attorneys' fees and costs under Government Code § 12965, subdivision (b).

## PRAYER FOR RELIEF

**WHEREFORE**, Hunt prays judgment against Defendants as follows:

1. Declaratory Relief, declaring that Defendant violated Plaintiff's rights to be free of discrimination in the workplace;
2. All available injunctive relief, compelling Defendants to refrain from discrimination in the workplace; including requiring Defendant both to adopt adequate policies with respect to religious discrimination, accommodation, retaliation and harassment, and to provide training on these policies to managers and human resources professionals;

3. Compensatory economic damages;
4. Compensatory non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an amount according to proof at trial.
5. Order Defendant to pay prejudgment interest;
6. Order Defendants to pay punitive damages sufficient to make an example of and to punish Defendants.
7. Order Defendants to pay Plaintiff's reasonable attorney's fees and costs.
8. Grant such further relief as this Court deems just and proper.

Dated: December 14, 2023
Westlake Village, California.

*s/ Alan J Reinach*
ALAN J. REINACH
JONATHON S. CHERNE
Attorneys for Plaintiff, Andrew Hunt