1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    ANDREW HUNT,                          Case No. 23-cv-06441-SI
8                    Plaintiff,
9           v.                             **ORDER GRANTING MOTION FOR
                                           LEAVE TO FILE SAC**
10   SUNRISE OPERATIONS LLC, et al.,       Re: Dkt. No. 31
11                   Defendants.
12
13          Now before the Court is plaintiff Andrew Hunt's motion for leave to file a Second Amended
14   Complaint ("SAC").  Dkt. No. 31.  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter
15   appropriate for resolution without oral argument and **VACATES** the hearing set for June 14, 2024.
16          The Court **GRANTS** plaintiff's motion for leave to file the SAC.  Plaintiff shall file the SAC
17   on the docket **no later than June 11, 2024.**
18
19                            **BACKGROUND**
20          On December 14, 2023, plaintiff filed this suit against defendant Sunrise Operations, LLC.
21   Dkt. No. 1.  On January 2, 2024, plaintiff filed an amended complaint, adding The Pasha Group
22   ("TPG") as a defendant.  Dkt. No. 10.  Plaintiff alleges that he was terminated from his position as
23   Chief Engineer for an old steamship owned and operated by defendants due to defendants' refusal
24   to consider accommodating his religious beliefs against receiving the Covid-19 vaccine.  *Id.* ¶¶ 1-2.
25   He alleges that Sunrise Operations is his former employer and that TPG "is a joint employer and the
26   entity responsible for the policies and practices that led to Hunt's termination."  *Id.* ¶¶ 9-10.
27          On May 24, 2024, plaintiff filed a motion for leave to file a second amended complaint.  Dkt.
28   No. 31.  He seeks to add his former union, the Marine Engineers' Beneficial Association ("MEBA"),

United States District Court
Northern District of California

as a defendant.  In his motion plaintiff states that he received his right to sue letter regarding MEBA from the Equal Employment Opportunity Commission ("EEOC") on March 21, 2024, and that he met and conferred with defendant TPG regarding the request to amend the complaint on May 2, 2024.  Plaintiff also filed an ex parte application to shorten time on the motion so that the hearing could occur before his right to sue MEBA expires on June 19, 2024.  Dkt. No. 32.  The Court granted the request to shorten time.  Dkt. No. 33.

Defendant TPG opposes plaintiff's motion for leave to file the SAC.  Dkt. No. 34.  Defendant Sunrise Operations has not yet appeared in this case, though it is apparently represented by the same counsel who represents TPG.  *See* Dkt. No. 28.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 15, courts should "freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Factors courts weigh in determining whether leave should be granted under Rule 15(a)(2) include undue delay, bad faith, futility, and prejudice to the opposing party.  *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 890 (9th Cir. 1999); *see also Hurn v. Retirement Fund Tr. of Plumbing. Heating & Piping Indus.*, 648 F.2d 1252, 1254 (9th Cir. 1981).  However, "prejudice to the opposing party" is the most important factor under a Rule 15(a)(2) analysis.  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

## DISCUSSION

The Court has reviewed the papers filed and finds that leave to amend should be granted.  Plaintiff does not seek to add new claims but only seeks to add a third defendant, the union, following receipt of an EEOC right to sue letter regarding that defendant.  Plaintiff's complaint alleges that he timely filed a charge with the EEOC against both of the two currently-named defendants and against MEBA, and that the EEOC divided the charge into three separate charges.  Dkt. No. 31-1 ("Proposed SAC") ¶¶ 16-17.  Discovery in this case has not begun, and only one of

2

the two defendants has made an appearance.[1]   The initial case management conference is set for July 12, 2024.  In short, nothing of note has yet happened in this case.

Defendant TPG, the only defendant who has appeared, objects based on bad faith and undue delay.  The Court finds neither.  In its opposition brief, TPG states, "To date, Plaintiff has refused to dismiss TPG, effectively holding it captive.  The addition of a new defendant to this action will add to the complexity of this case, which will unnecessarily increase the cost of TPG's defense.  No matter what reason Plaintiff provides to justify keeping TPG in this matter, it is clear that the amendment to add MEBA while TPG remains a party is brought in bad faith."  Dkt. No. 34 at 5.  On the record before it, the Court disagrees. [2]

TPG makes no separate argument regarding prejudice, and the Court can find none.  In the joint case management statement, TPG indicated that it "anticipates filing a dispositive motion on the limited issues of the employment relationship between Plaintiff and TPG," Dkt. No. 29 at 4, and nothing about the addition of MEBA to this case should preclude TPG from doing so.

Regarding undue delay, TPG argues that plaintiff "engaged in months-long delay when he knew or should have known the complaint could be amended to add MEBA as a defendant."  Dkt. No. 34 at 6.  To the extent that TPG implies plaintiff should have sued MEBA earlier because he knew MEBA was a potential defendant, the Court notes that plaintiff did not receive a right to sue letter as to MEBA until several months after this case was filed.  To the extent TPG critiques plaintiff for not seeking leave to amend more promptly after receiving the right to sue letter on March 21, 2024, the Court agrees that plaintiff should have been more diligent.  Plaintiff's delay necessitated a request that the Court shorten time in order to hear the motion before plaintiff's right to sue MEBA expired.  Although the Court granted the request to shorten time in this instance, the Court will not look kindly on such requests in the future.  Nevertheless, the Court does not find that the delay

---

[1] Defendant TPG answered the amended complaint on March 13, 2024.  Dkt. No. 17.  It is unclear why defendant Sunrise Operations has not yet appeared, given that the proof of service states Sunrise Operations was served on February 1, 2024.  *See* Dkt. No. 27.

[2] In the parties' joint case management statement, TPG asserts no fewer than six times that it is not a proper defendant and that plaintiff has refused to stipulate to voluntarily dismiss TPG. *See generally* Dkt. No. 29.  TPG effectively offers no other reason to deny plaintiff leave to amend.

United States District Court
Northern District of California

1    between plaintiff's receipt of the EEOC letter on March 21 and the filing of the motion to amend on

2    May 24 is a reason to deny leave to amend under Rule 15, particularly where this case is still at the

3    early stages, no discovery has commenced, and the second defendant has not yet appeared.

4

5                                       **CONCLUSION**

6            For the foregoing reasons, the Court GRANTS plaintiff's motion for leave to file the Second

7    Amended Complaint.  Plaintiff shall file the SAC on the docket **no later than June 11, 2024.**

8

9            **IT IS SO ORDERED**.

10   Dated: June 7, 2024

11                                                                  _____

12                                                                  SUSAN ILLSTON
                                                                    United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28