UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HUNT,<br><br>    Plaintiff,<br><br>    v.<br><br>SUNRISE OPERATIONS LLC, et al.,<br><br>    Defendants. | Case No. 23-cv-06441-SI<br><br>**ORDER GRANTING MEBA'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 53 |

Defendant Marine Engineers' Beneficial Association ("MEBA") moves to dismiss the claims against it from the Second Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court found this matter appropriate for resolution without oral argument and vacated the hearing set for October 11, 2024. For the reasons set forth below, the Court GRANTS the motion to dismiss, with leave to amend.

**BACKGROUND[1]**

Plaintiff Andrew Hunt served as Chief Engineer for an old steamship owned and operated by defendants. Dkt. No. 31-1 ("SAC") ¶ 1. He brings this action for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as well as the California Fair Employment and Housing Act ("FEHA"). An Orthodox Christian, Hunt alleges that defendants refused to consider accommodating his religious beliefs against receiving the Covid-19 vaccine and that he was terminated as a result. *Id.* ¶¶ 2, 7, 30.

---

[1] For purposes of this motion to dismiss, the Court treats as true the factual allegations as stated in plaintiff's complaint and draws all reasonable inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

On December 14, 2023, plaintiff filed this action against Sunrise Operations, LLC ("Sunrise Operations") and Does 1-10. Dkt. No. 1. On January 2, 2024, plaintiff amended the complaint, adding The Pasha Group as a defendant. Dkt. No. 10. On June 10, 2024, with leave of the Court and over defendants' objection, plaintiff filed a Second Amended Complaint ("SAC"), adding MEBA as a defendant. Dkt. No. 37.[2] The SAC alleges that Sunrise Operations was plaintiff's employer, The Pasha Group was "a joint employer" and owner of the vessel plaintiff worked on, and MEBA is the union where plaintiff is a member. *Id.* ¶¶ 9-11, 23.

The SAC asserts claims for: (1) Religious Discrimination – Disparate Treatment, Title VII; (2) Religious Discrimination – Failure to Accommodate, Title VII; (3) Retaliation, Title VII; (4) Religious Coercion – Harassment, Title VII; (5) Religious Discrimination – Disparate Treatment, Cal. Gov't Code § 12940(a); (6) Religious Discrimination – Failure to Accommodate, Cal. Gov't Code § 12940(*l*)(1); and (7) Retaliation, Cal. Gov't Code § 12940(h) and (*l*)(4). Claims 1, 2, 5, and 6 are brought against all defendants. Claims 3, 4, and 7 are brought against "corporate defendants only." *See id.* at 13-20.

Sunrise Operations and The Pasha Group have answered the SAC. Dkt. Nos. 39, 41. MEBA now moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim against MEBA.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened

---

[2] In his motion for leave to amend, plaintiff stated that he received his "right to sue" letter regarding MEBA from the Equal Employment Opportunity Commission on March 21, 2024. Dkt. No. 36 at 2.

1  fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the
2  speculative level." *Twombly*, 550 U.S. at 555, 570.

3  In deciding whether the plaintiff has stated a claim upon which relief can be granted, the
4  court must assume that the plaintiff's allegations are true and must draw all reasonable inferences
5  in the plaintiff's favor. *See Usher*, 828 F.2d at 561. However, the court is not required to accept as
6  true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable
7  inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

8  If the Court dismisses the complaint, it must then decide whether to grant leave to amend.
9  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no
10 request to amend the pleading was made, unless it determines that the pleading could not possibly
11 be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000)
12 (citations and internal quotation marks omitted).

**DISCUSSION**

15 MEBA first argues that the failure-to-accommodate claims can only be brought against an
16 employer and that, because MEBA is a union, this claim cannot be stated against it. MEBA also
17 argues the discrimination claims fail because the SAC does not allege facts supporting direct
18 discrimination by MEBA, in that the SAC does not allege that MEBA declined to pursue plaintiff's
19 grievances or that MEBA treated plaintiff differently from other union members.

20 In his opposition brief, plaintiff clarifies that "[t]his is not a failure to represent case" and
21 that his "claim does not turn on whether MEBA filed or didn't file grievances on his behalf." Dkt.
22 No. 54 ("Opp'n") at 7. Plaintiff's theory for MEBA's liability is premised on MEBA having
23 "acquiesced or joined in the Company's discriminatory practices[.]" *See id.* at 5 (quoting *Bonilla
24 v. Oakland Scavenger Co.*, 697 F.2d 1297, 1304 (9th Cir. 1982)). Plaintiff also clarifies that his
25 Title VII claim against MEBA is premised on 42 U.S.C. § 2000e-2(c)(3). *Id.* at 3. That statute
26 makes it unlawful for a labor organization "to cause or attempt to cause an employer to discriminate
27 against an individual in violation of this section." 42 U.S.C. § 2000e-2(c)(3).

28 The Court agrees with plaintiff's basic premise that a union may be liable under Title VII to

3

1    the same extent as an employer, if the union acquiesced or joined in the employer's unlawful
2    discrimination. *See McDonald v. Santa Fe Trail Transp. Co.*, 42 U.S. 273, 284 (1976) (reversing
3    dismissal of Title VII race discrimination claim, finding that "[a]t this stage of the litigation the
4    claim against [the union] must go with the claim against [the employer], for in substance the
5    complaint alleges that the union shirked its duty properly to represent McDonald, and instead
6    'acquiesced and/or joined in' [the employer's] racial discrimination against him"). The Court thus
7    rejects MEBA's argument that, as a matter of law, a union can never be liable for a failure-to-
8    accommodate claim.

9    The Court is hamstrung, however, in its review of the substance of the discrimination claims.
10   Upon review of the SAC, it is apparent that at least some of the confusion is attributable to the
11   SAC's lack of clarity regarding the actions of "defendants." The SAC generically refers to
12   "Defendant," "Defendants," and "Defendants and MEBA" throughout, in a manner that blurs which
13   defendants are alleged to have done what. This appears to be the byproduct of amending the
14   complaint to add new defendants, without updating the factual allegations accordingly. For
15   instance, the original complaint against Sunrise Operations alleged, "On or about November 3, 2021,
16   while he was on vacation, Hunt became aware that **Defendants** had mandated that all of **its**
17   **employees** be vaccinated against COVID-19." Dkt. No. 1 ¶ 23 (emphasis added). This allegation
18   remains identical in the SAC, although The Pasha Group and MEBA have now been added as
19   defendants. *See* SAC ¶ 26. Such examples are replete throughout the SAC. *See, e.g., id.* ¶¶ 38
20   ("**Defendant** rejected providing Hunt a religious accommodation . . ."), 39 ("**Defendant** threatened
21   Hunt that if he failed to receive the vaccination prior to December 31, 2021, he would 'lose [his]
22   position . . .'"), 41 ("On or about December 8, 2021, Hunt met with **MEBA and Defendant's**
23   representative Ed Washburn . . . to discuss the **Defendants'** position as to his request for a religious
24   exemption and accommodation."), 44 ("**Defendants** simply placed Hunt on an unpaid leave of
25   absence . . ."), 57 ("On February 7, 2022, Hunt received a letter from **Defendant** stating he was
26   unfit for duty.") (emphases added). The SAC does not clarify who "defendant" in the singular refers
27   to or who is meant by "defendants" in the plural. The distinction matters, particularly where plaintiff
28   seeks to hold MEBA liable based on its alleged actions in joining in the discriminatory action. *See*

4

Opp'n at 1.  On such a theory, MEBA needs to know how *it*—as opposed to the other two defendants—is alleged to have joined in or acquiesced to the unlawful conduct.

Because there are three defendants in this case, and MEBA's liability is premised on joint action with the employer, the Court finds that the generic use of "defendant" and "defendants" throughout the SAC fails to "give the defendant [MEBA] fair notice of what the plaintiff's claim is and the grounds upon which it rests." *See Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006) (citing Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002)).  If plaintiff wishes to pursue his claims against MEBA, he must amend the allegations to cure this deficiency.

The SAC also fails to provide adequate notice under Federal Rule of Civil Procedure 8 because the opposition brief asserts different facts from those stated in the SAC.  The SAC alleges that MEBA filed several grievances on plaintiff's behalf.  SAC ¶¶ 36 (alleging Oakland office of MEBA "accepted and processed Plaintiff Hunt's grievance"), 53-55 (alleging Hunt filed two grievances with MEBA and received confirmation from MEBA on January 6, 2022, that his grievances had been filed).  With the opposition brief, however, plaintiff asks the Court to take judicial notice of two exhibits that he argues show that MEBA did *not* file his grievances.  Dkt. Nos. 54-2, 54-3.  The Court is not inclined on the sparse record before it to convert this motion to dismiss into a motion for summary judgment, as plaintiff seemingly requests.  *See* Opp'n at 6 n.1 (citing Fed. R. Civ. P. 12(d)).  Nor will the Court take judicial notice of the exhibits in order to resolve the question of whether MEBA filed grievances on plaintiff's behalf.  Whether or not MEBA filed the grievances is a factual dispute that may not be judicially noticed.  *See* Fed. R. Evid. 201 (permitting a court to take judicial notice of "a fact that is not subject to reasonable dispute").  In amending the complaint, plaintiff must include *in the complaint itself* any new facts it wishes the Court to consider.

Because it possible that amendment could cure the deficiencies identified in this Order, the Court will allow Hunt the opportunity to amend the complaint to clarify his claims against MEBA.

## CONCLUSION

For the foregoing reasons, the Court GRANTS MEBA's motion to dismiss, with leave to

5

amend.  **The Third Amended Complaint is due no later than October 30, 2024.**  If plaintiff fails to file a Third Amended Complaint by the deadline, then the claims against MEBA will be dismissed with prejudice and this case will move forward against Sunrise Operations and The Pasha Group based on the allegations in the Second Amended Complaint.

**IT IS SO ORDERED**.

Dated: October 15, 2024

SUSAN ILLSTON
United States District Judge