UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HUNT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SUNRISE OPERATIONS LLC, et al.,<br><br>　　　　Defendants. | Case No. 23-cv-06441-SI<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 66 |

Defendant Marine Engineers' Beneficial Association ("MEBA") again moves to dismiss the claims against it, this time from the Third Amended Complaint. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument and VACATES the hearing set for January 10, 2025. For the reasons set forth below, the Court DENIES the motion to dismiss.

**BACKGROUND**

For purposes of this motion to dismiss, the Court treats as true the factual allegations as stated in plaintiff's complaint and draws all reasonable inferences in plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Plaintiff Andrew Hunt served as Chief Engineer for an old steamship owned and operated by defendants Sunrise Operations, LLC ("Sunrise") and The Pasha Group ("Pasha"). Dkt. No. 61 ("TAC") ¶ 1. An Orthodox Christian, Hunt alleges that defendants refused to consider accommodating his religious beliefs against receiving the Covid-19 vaccine and that he was terminated as a result. *Id.* ¶¶ 2, 7, 33.

Plaintiff initially sued Sunrise and Pasha. Dkt. Nos. 1, 10. On June 10, 2024, plaintiff filed a second amended complaint, adding MEBA—his union—as a defendant. Dkt. No. 37. He brings

1  this action for religious discrimination under Title VII of the Civil Rights Act of 1964 as well as the
2  California Fair Employment and Housing Act ("FEHA").  The Court granted MEBA's earlier
3  motion to dismiss the claims against it from the second amended complaint, giving plaintiff leave
4  to amend.  Dkt. No. 59.  Plaintiff has now filed a third amended complaint and Sunrise and Pasha
5  have answered.  Dkt. Nos. 61, 64, 65.  MEBA again moves to dismiss, pursuant to Federal Rule of
6  Civil Procedure 12(b)(6).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher*, 828 F.2d at 561.  However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

## DISCUSSION

The Court previously dismissed the claims against MEBA as stated in the second amended complaint.  Dkt. No. 59.  The Court noted plaintiff's clarification that he was not bringing a "failure to represent" case against the union and that his claims did not turn on whether MEBA did or didn't file grievances on his behalf. *Id.* at 3.  Instead, plaintiff's theory was premised on MEBA having acquiesced or joined in the employer's discriminatory practices.  The Court agreed with plaintiff's

basic premise that MEBA could be liable under such a theory if properly alleged. However, the Court dismissed the claims with leave to amend because the second amended complaint "generically refers to 'Defendant,' 'Defendants,' and 'Defendants and MEBA' throughout, in a manner that blurs which defendants are alleged to have done what" and that failed to give MEBA fair notice of the claims against it. *Id.* at 4-5.

With the TAC, plaintiff has added to and clarified the factual allegations. Although the allegations against MEBA in the TAC could be more fusome, the Court finds plaintiff has cured the deficiencies previously identified. The TAC alleges that MEBA's attorney met with plaintiff and expressed doubt about the sincerity of plaintiff's religious beliefs and "took a hostile and oppositional posture" toward his accommodation request. TAC ¶¶ 37-38. The TAC also alleges that Sunrise denied his accommodation via letter in November 2021 and again reiterated its denial in two December 2021 meetings at which MEBA was present, and where Sunrise's representative told plaintiff that "he 'would not provide accommodations for anyone[.]'" *Id.* ¶¶ 35, 46, 55-56.

Critically, the TAC alleges that "[b]oth Defendant MEBA and Defendant Sunrise were together responsible for evaluating requests for accommodation for those Union members requesting not to receive the Covid-19 vaccine, according to a Memorandum of Understanding entered into between the employer and the union, Defendant MEBA." *Id.* ¶ 39. MEBA attaches to its motion a "Letter of Understanding – COVID 19 Vaccination," dated October 25, 2021, and signed by MEBA and Sunrise.[1] Dkt. No. 66-2, Palmer Decl., Ex. A. The letter "memorializes the Parties' understanding and agreement to require COVID-19 vaccination for members employed on the Company's ocean going vessels." *Id.* The letter further states, "Requests for religious exemptions will be handled between the Union and the Company on a case-by-case basis." *Id.* Although the TAC characterizes MEBA's role as jointly "evaluating" requests for accommodation, while the letter itself characterizes the role as "handl[ing]" the requests, any difference is not

---

[1] Under the incorporation-by-reference doctrine, the Court may consider the Letter of Understanding without converting this into a motion for summary judgment, as plaintiff's TAC refers extensively to the document. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998, 1002 (9th Cir. 2018) (citation omitted). Plaintiff agrees that the document MEBA attaches is the same one he references in the TAC.

material at this stage.

Drawing all reasonable inferences in plaintiff's favor, as the Court must, the TAC sufficiently alleges that MEBA acquiesced or joined in the employer's discriminatory conduct. Taking the allegations as true, MEBA was jointly responsible for handling the religious exemption requests, MEBA's lawyer expressed hostility towards plaintiff's request, and MEBA sat by while Sunrise told plaintiff that no accommodations would in fact be granted. A "union has an affirmative obligation to oppose employment discrimination against its members" and may be liable under Title VII when it acquiesces in a discriminatory work environment. *Woods v. Graphic Commc'ns*, 925 F.2d 1195, 1200 (9th Cir. 1991) (quoting *Bonilla v. Oakland Scavenger Co.*, 697 F.2d 1297, 1304 (9th Cir. 1982)). The TAC alleges enough facts to support a plausible inference of such acquiescence here.

MEBA's arguments are unpersuasive. MEBA argues that plaintiff "does not allege facts showing that MEBA gave him different advice or 'treated him less favorably than others' because of his religious beliefs." Reply at 5. But MEBA conflates a scenario in which MEBA may be liable for its own discrimination against plaintiff with the scenario at hand, where plaintiff alleges the union is liable for acquiescing or joining in the employer's discrimination. MEBA's argument that it lacked "authority to override Sunrise's decision," *see* Reply at 2, likewise misses the mark— whether MEBA had sole or ultimate decisionmaking authority is not the inquiry. For the reasons stated above, the Court finds the allegations of the TAC sufficient for the claims against MEBA to proceed at this stage.

## CONCLUSION

The Court DENIES MEBA's motion to dismiss the claims against it from the Third Amended Complaint.

**IT IS SO ORDERED**.

Dated: January 7, 2025

_____
SUSAN ILLSTON
United States District Judge