UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HUNT,<br><br>        Plaintiff,<br><br>    v.<br><br>SUNRISE OPERATIONS LLC, et al.,<br><br>        Defendants. | Case No. 23-cv-06441-SI<br><br>**ORDER RE: DISCOVERY DISPUTE**<br><br>Re: Dkt. Nos. 101, 103 |

Now before the Court are the parties' separately filed discovery dispute letters regarding whether plaintiff should submit to a psychological examination under Rule 35. Dkt. Nos. 101, 103.

## BACKGROUND

Plaintiff Andrew Hunt brings this action for religious discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as well as the California Fair Employment and Housing Act. An Orthodox Christian, Hunt alleges that defendants refused to consider accommodating his religious beliefs against receiving the Covid-19 vaccine and that he was terminated as a result. In his third amended complaint, he alleges that he "has been harmed in that he suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body, in an amount according to proof." Dkt. No. 61 ¶ 77; *see also id.* ¶¶ 91, 101, 113. The complaint further alleges that plaintiff "has suffered and continues to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms. Hunt is informed and believes, and thereupon alleges, that he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable, all in an amount subject to proof at the time of trial." *Id.* ¶ 126; *see also id.* ¶¶ 138, 147. Among other relief, he seeks "[c]ompensatory

1  non-economic damages, including, but not limited to, pain, suffering and emotional distress, in an
2  amount according to proof at trial." *Id.* at 23.
3  The issue now before the Court is whether plaintiff should submit to an independent medical
4  examination (IME) pursuant to Federal Rule of Civil Procedure 35. Defendant Sunrise Operations,
5  LLC requests the exam in light of plaintiff's allegations that he has suffered emotional distress and
6  will continue to suffer emotional distress and given his request for emotional distress damages.
7  Plaintiff opposes, arguing that the complaint simply uses "boilerplate" language and that good cause
8  does not exist for an IME because "Plaintiff did not obtain any mental health care, is not calling an
9  expert, and claims no damages for ongoing emotional distress." Dkt. No. 103 at 1-2.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 35(a) gives a court authority to order one party to comply with the other's legitimate discovery request to submit to a physical or mental examination by a suitably licensed examiner. The party moving for physical or mental examination must meet two requirements: (1) the physical or mental condition of the party must be "in controversy" and (2) "good cause" for examination must be established. *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 608 (C.D. Cal. 1995). It is within the broad discretion of the district court to determine whether a party must submit to examination. *Shirsat v. Mutual Pharmaceutical Co., Inc.*, 169 F.R.D. 68, 70 (E.D. Pa. 1996).

**DISCUSSION**

The Court will deny defendants' request for an order compelling plaintiff to submit to a psychological examination under Rule 35. In this district, courts routinely apply the "*Turner* factors" in determining whether a party has placed his mental condition in controversy. *See, e.g., Snipes v. United States*, 334 F.R.D. 667, 669 (N.D. Cal. 2020); *Preston v. City of Oakland*, No. 14-cv-02022 NC, 2015 WL 12976100, at *1 (N.D. Cal. Jan. 28, 2015); *Ramos v. City & Cnty. of San Francisco*, No. C 11-05033 WHA, 2012 WL 3877677, at *2 (N.D. Cal. Sept. 6, 2012). After conducting a detailed survey of cases, the court in *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D.

Cal. 1995), explained:

> [C]ourts will order plaintiffs to undergo mental examinations where the cases involve, in addition to a claim of emotional distress, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Id.* at 95.

Here, defendant has not shown that this case involves any of the factors that would elevate the case above a garden variety emotional distress case. Plaintiff has not made a claim for infliction of emotional distress. Plaintiff has not made any allegations regarding a specific mental or psychological injury or disorder that he suffers or suffered as a result of defendant's conduct. He is not claiming any unusually severe emotional distress; to the contrary, he is claiming only what the ordinary person would suffer. He also states that he does not plan to call an expert to testify. Finally, the discovery letters indicate that defendant has not yet deposed plaintiff; thus, the record is not yet complete. This further weighs against an order for an IME.

Nor is the Court persuaded to hold otherwise solely on the basis that plaintiff alleges some form of ongoing emotional distress. *See Preston*, 2015 WL 12976100, at *2 ("to the extent defendants contend that the mere fact that plaintiff is alleging some ongoing emotional distress justifies a mental examination, the Court disagrees"). The Court finds *Ragge*, on which defendant relies, distinguishable. *See* Dkt. No. 101 at 2 (citing *Ragge v. MCA/Universal Studios*, 165 F.R.D. 605, 609 (C.D. Cal. 1995)). There, the plaintiff alleged a cause of action for intentional infliction of emotional distress and further argued that she suffered from such specific conditions as sleeplessness, anxiety, tension, and depression. *See Ragge*, 165 F.R.D. at 608-09. Plaintiff here makes no similar allegations and indeed he now clarifies that he "claims no damages for ongoing emotional distress." Dkt. No. 103 at 2.

## CONCLUSION

For the reasons stated above, defendants' request that the Court compel plaintiff to submit

to a psychological examination under Rule 35 is denied.

**IT IS SO ORDERED**.

Dated: September 5, 2025

SUSAN ILLSTON
United States District Judge