UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HUNT,<br><br>   Plaintiff,<br><br>  v.<br><br>SUNRISE OPERATIONS LLC, et al.,<br><br>   Defendants. | Case No. 23-cv-06441-SI<br><br>**ORDER RE: DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 111, 112 |

  Plaintiff Andrew Hunt and defendants The Pasha Group and Sunrise Operations, LLC have filed two discovery dispute statements. Dkt. Nos. 111, 112. These are the second and third discovery dispute letters in this case. *See also* Dkt. No. 106.

**<u>Dispute with The Pasha Group (Dkt. No. 111)</u>**

  Plaintiff argues that The Pasha Group (TPG) has unilaterally withheld certain discovery responses and has not produced a Rule 30(b)(6) deponent for certain topics on the grounds that TPG was not a joint employer of plaintiff and therefore the discovery is outside the scope of this case. TPG responds that it "has already participated in Plaintiff's discovery directed to the threshold question under both Title VII and FEHA—whether TPG jointly employed Plaintiff[.]" Dkt. No. 111 at 3. TPG contests "broader questioning about TPG's policies and decisions, absent proof that they were ever applied to Plaintiff." *Id.* at 4. TPG also "proposes that, to the extent any discovery remains, it should proceed in a brief Phase 1 limited to the threshold joint-employer issue . . . ." *Id.* at 5.

  The Court finds that TPG has unreasonably been withholding discovery responses. TPG has articulated no burden in producing the requested discovery, focusing instead on disputed issues of

fact (i.e., whether TPG was a joint employer) that should be resolved on summary judgment or even at trial. These are not appropriate bases to withhold relevant discovery at this stage of the case. Although TPG's proposal to engage in tiered discovery on the joint-employer question is not on its face unreasonable, TPG sat on its heels for too long. On May 3, 2024, in a case management conference statement, TPG stated, "TPG anticipates filing a dispositive motion on the limited issues of the employment relationship between Plaintiff and TPG, as well as a [sic] non-employer TPG's lack of involvement in the decision to refrain from granting Plaintiff an exemption from the requirement to be vaccinated against COVID-19 to sail." Dkt. No. 29 at 4. To date, TPG has brought no such motion nor has it requested a tiered discovery process until the current discovery dispute. The time to ask for tiered discovery would have been a year ago, when TPG was already making this threshold argument, not now, with fact discovery set to close shortly.

Accordingly, the Court ORDERS TPG to respond to the requested discovery. TPG shall also produce a Rule 30(b)(6) deponent, including on the topics in dispute. To the extent that the discovery responses would disclose "sensitive third-party medical and religious information[,]" Dkt. No. 111 at 4, TPG may redact identifying information of third parties but shall retain enough information for plaintiff to discern the grounds for the accommodation request and the response.

**Dispute With Sunrise Operations, LLC (Dkt. No. 112)**

Plaintiff and defendant Sunrise Operations LLC have listed numerous discovery disputes in their letter. Dkt. No. 112. The Court has reviewed the parties' letter, including the attached discovery requests and responses. The Court now rules as follows.

First, Sunrise is ordered to provide the requested discovery without limiting its responses to only those employees who were members of MEBA (plaintiff's union). Even if the mariners on the vessel came from three different unions, how Sunrise responded to all requests for accommodation regarding the Covid-19 vaccine requirement is relevant to Sunrise's undue hardship defense. However, with regard to RFP No. 24, which requests the Covid-19 vaccination rate of Sunrise's employees, Sunrise shall respond to this to the best of its ability but shall not be required to produce vaccination records for all employees (which number over 1,400) that sail on its vessels each year.

If any responses would disclose sensitive third-party information, Sunrise may redact identifying information of third parties.

Second, the Court orders Sunrise to respond to RFP No. 26, which seeks documents showing the number of employees who were unable to serve a tour of duty on board ship due to Covid-19 infection. *See* Dkt. No. 112-3 at 15. The Court disagrees with Sunrise that this information is "immaterial[.]" *See* Dkt. No. 112 at 4. Rather, it is relevant to plaintiff's theory, which is that Sunrise unreasonably refused to accommodate his request for a religious exemption from the Covid-19 vaccine requirement. Sunrise has identified no burden that will befall it from responding to this question. Sunrise is ordered to respond.

In response to Special Interrogatory Nos. 7 and 13, the Court agrees with Sunrise that no further action is needed. If Sunrise locates versions of its Covid-19 policy prior to the May 2021 version, it shall produce them to plaintiff immediately. But because earlier versions of the policy would not have been in effect at the time of plaintiff's December 2021 termination, the Court will not order further action at this time. The Court also agrees with Sunrise that Special Interrogatory No. 13 is duplicative of No. 4.

Sunrise shall state whether it is withholding any privileged documents on the basis of objections and, if it is, shall provide a privilege log. *See* Fed. R. Civ. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest."). With respect to RFP No. 34 in particular, which is in dispute, Sunrise's response implies that it is withholding such documents.

Finally, the Court orders Sunrise to revise its privilege log. The one-page privilege log that Sunrise provided is inadequate to "describe the nature of the . . . communications . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." *See* Fed. R. Civ. P. 26(b)(5)(A)(ii). Other district courts within the Ninth Circuit have required that privilege logs contain "[1] a description of responsive material withheld, [2] the identity and position of its author, [3] the date it was written, [4] the identity and position of all addressees and recipients, [5] the material's present location, [6] and specific reasons for its being

1   withheld, including the privilege invoked and grounds thereof." *Friends of Hope Valley v. Frederick Co.*, 268 F.R.D. 643, 650-51 (E.D. Cal. 2010) (citation omitted). What Sunrise provided here is a bare-bones chart that lists the date range as "various" and lists "parties to the communications" as between (1) Amy Sherburne-Manning, Executive Counsel for TPG, and (2) either a law firm whose identity/client is unknown or Edward Washburn, Sunrise VP. *See* Dkt. No. 112-4. This level of detail is insufficient to allow plaintiff or the Court to assess the privilege claim. Moreover, it is unclear why Sunrise would have a claim of privilege in its communications with Sherburne-Manning, who works for TPG, when both TPG and Sunrise have gone to such lengths to emphasize that they are separate legal entities. The Court orders Sunrise to revise its privilege log to include, at minimum, the information enumerated above.

## CONCLUSION

TPG's responses as outlined above are due within two weeks of the date of this Order. Sunrise's responses and revised privilege log as outlined above are due within two weeks of the date of this Order. The Court declines to order sanctions at this time.

The case management conference before the undersigned Judge remains on calendar for December 19, 2025, at 3:00 p.m. The parties may have until December 17, 2025, at 3:00 p.m. to file their joint case management conference statement. If the parties have settled, they may ask the Court to vacate the case management conference.

**IT IS SO ORDERED**.

Dated: October 31, 2025

_____
SUSAN ILLSTON
United States District Judge