UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

<table>
<tr><td>ANDREW HUNT,<br><br>       Plaintiff,<br><br>    v.<br><br>SUNRISE OPERATIONS LLC, et al.,<br><br>       Defendants.</td><td>Case No. 23-cv-06441-SI<br><br>**ORDER RE: SEVENTH DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 158</td></tr>
</table>

The parties have filed a joint discovery dispute statement regarding whether defendant Sunrise Operations LLC adequately prepared its Rule 30(b)(6) witness to testify as to the number of unvaccinated individuals who continued to work on its vessels after the vaccine mandate. Dkt. No. 158. This is the seventh discovery dispute in this case. *See also* Dkt. Nos. 103, 111, 112, 122, 134, 135. Fact discovery closes May 29, 2026. Dkt. No. 140. Trial is set for October 5, 2026. Dkt. No. 130.

**BACKGROUND**

Plaintiff argues that Sunrise's Rule 30(b)(6) witness, Edward Washburn, was unprepared to address noticed Topic No. 10: "The number of YOUR employees who were fully vaccinated and who were not fully vaccinated for Covid-19 who enter[ed] ocean-going vessels as part of their job duties, from October 2021 to February 2023." Dkt. No. 158, Ex. 1 (Dep. Notice) at 6. Washburn also had not seen and could not answer questions as to a document Sunrise produced in discovery (SUNRISE_001576) that appears to be a list of vaccinated and unvaccinated individuals on board a Sunrise vessel. *See* Dkt. No. 158, Ex. 3.

Sunrise responds that it made Mr. Washburn available for two full days of depositions—

United States District Court
Northern District of California

April 14 and 15—and that plaintiff noticed 90 topics for the Rule 30(b)(6) witness.  Sunrise further states that the scope of plaintiff's questions exceeded the noticed topic both in terms of timeframe and by asking for information about all "individuals" who "worked on board," rather than being limited to Sunrise crew members.  Sunrise also states that this topic did not come up until after 4:00 p.m. on the second day of examination, that plaintiff could have asked further questions but did not, and that "[n]o one at Sunrise has more information or could answer better."  *Id.* at 5.

At the deposition, the following exchange occurred:

> Q. Did you do anything, in preparation for your deposition, to prepare to talk about the individuals who worked on board a vessel, without proof of vaccination, after December 1 of 2021?
>
> A. No.
>
> Q. Are you able to discuss that here today?
>
> A. Should be.
>
> Q. How many individuals worked on board the vessel, without proof of vaccination, that were crew members of Sunrise after December 1, 2021?
>
> A. I don't know.
>
> Q. And do you have any knowledge about individuals working on board a vessel without proof of vaccination, after December 1 of 2021, that you can testify to here today?
>
> A. No.

Dkt. No. 158, Ex. 2 (Washburn Dep.) at 440:25-441:15.

**DISCUSSION**

Under Federal Rule of Civil Procedure 30(b)(6), the person designated to testify on behalf of a corporation "must testify about information known or reasonably available to the organization."  Here, although it is true that plaintiff designated a long list of topics for Sunrise's Rule 30(b)(6) deponent, it is also true that Topic No. 10—whether Sunrise allowed unvaccinated crew members onto vessels after the vaccine mandate went into effect—goes to the heart of plaintiff's case and is highly relevant.  The Court does not credit Sunrise's position that the witness could not answer because the questions exceeded the scope of the noticed topic.  The transcript shows that plaintiff asked a question limited to Sunrise's crew members: "How many individuals worked on board the

vessel, without proof of vaccination, **that were crew members** of Sunrise after December 1, 2021?" Washington Dep. at 441:7–9 (emphasis added). Washburn responded, "I don't know." *Id.* at 441:10. Further, nothing in the transcript indicates that the witness was unable to answer questions on Topic No. 10 because plaintiff posed questions for the time period "after December 1, 2021" rather than the time period in the deposition notice of October 2021 to February 2023.

Accordingly, the Court ORDERS that Sunrise make a Rule 30(b)(6) deponent available for one additional hour of examination on Topic No. 10 and that witness shall also be prepared to answer questions about the document Bates-stamped SUNRISE_001576. In light of the two days of deposition testimony that have already occurred and the fact that plaintiff noticed a large number of topics for the witness, the Court declines to order any sanctions as requested by plaintiff.

There have been a large number of discovery disputes in this case and the parties waited over a month after Mr. Washburn's deposition to bring this dispute to the Court's attention. The Court therefore advises the parties of its unavailability beginning tomorrow. *See* Judge Illston's Scheduling Notes, https://apps.cand.uscourts.gov/CEO/cfd.aspx?7133#Notes. The Court will not be available to resolve last-minute discovery disputes on short notice. Further, discovery dispute statements that do not strictly adhere to the requirements in the undersigned's Standing Order ¶ 3, including the requirement to describe meet and confer efforts, will be summarily rejected. *See* https://cand.uscourts.gov/sites/default/files/standing-orders/JudgeIllston_Standing-Order-9-23-2025.pdf.

**IT IS SO ORDERED**.

Dated:    May 20, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

3