UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW HUNT,

Plaintiff,

v.

SUNRISE OPERATIONS LLC, et al.,

Defendants.

Case No. 23-cv-06441-SI

**ORDER RE: EIGHTH DISCOVERY DISPUTE**

Re: Dkt. No. 160

The Court is in receipt of another discovery dispute statement, between plaintiff and defendant The Pasha Group (TPG). Dkt. No. 160. This is the eighth discovery dispute in this case. *See* Dkt. Nos. 103, 111, 112, 122, 134, 135, 158. Fact discovery closes May 29, 2026. Dkt. No. 140. Trial is set for October 5, 2026. Dkt. No. 130.

Plaintiff seeks an order that TPG must produce a witness for a continued deposition, under Federal Rule of Civil Procedure 30(b)(6), who is prepared to testify regarding TPG_000302-303. TPG_000302-303 appears to be a chart of individuals who requested exemptions from the vaccine requirement. On April 3, 2026, the chart was produced to the Court *in camera* following an earlier discovery dispute. *See* Dkt. No. 143. On April 7, 2026, the Court ruled that the chart was not covered by the attorney-client privilege and should be produced to plaintiff. Dkt. No. 144. In so ordering, the Court said the chart "indicates who requested medical and/or religious exemptions and what happened with their employment, i.e., whether the person was ultimately terminated or not." *Id.* at 1. The Court found that the chart was "highly relevant to plaintiff's theory that defendants discriminated against him by refusing to accommodate his religious exemption request and that others were permitted to remain or come aboard while unvaccinated." *Id.*

Plaintiff states that in October 2025 he sought to compel TPG's deposition under Rule

30(b)(6), including on Topic 9.[1]  Topic 9 seeks "YOUR policies, procedures, and practices for handling requests for accommodations to YOUR Covid-19 vaccine mandate," including a long list of detailed subtopics, such as the number of religious requests approved and denied and the number of medical requests approved and denied.  Dkt. No. 160, Ex. 1 (Am. Pasha PMK Dep. Notice) at 4–5.  Plaintiff states that he deposed TPG's Rule 30(b)(6) designee on December 17, 2025; April 20, 2026; and May 4, 2026, and that TPG has refused to prepare its deponent to testify on the chart at TPG_000302-303.  Plaintiff seeks sanctions in the form of an order that TPG cover the cost of the court reporter for a continued deposition and for attorney's fees associated with the continued deposition and with the filing of this dispute.

TPG responds that it has fulfilled its obligations.  TPG says the witness it produced on December 17, 2025, satisfactorily testified as to Topic 9.  TPG states that the April and May depositions were provided in order to complete testimony on other topics.  TPG further argues that its witness should not have to testify about TPG_000302-303, where the deposition notice did not reference that document; that the document "is entirely irrelevant[;]" and that the request seeks to invade the attorney-client privilege and attorney work product.  Dkt. No. 160 at 5.

The Court **ORDERS** that TPG produce a Rule 30(b)(6) witness for an additional one hour of examination and that the witness shall be prepared to testify as to the chart at TPG_000302-303.  The Court has already found this chart "highly relevant," Dkt. No. 144 at 1, and plaintiff should have had the benefit of questioning TPG on it at the prior Rule 30(b)(6) depositions.

At the continued deposition, plaintiff shall refrain from asking questions that would reveal attorney-client privileged information, and TPG need not reveal information that is truly privileged.  The Court reminds TPG of the Court's earlier finding that the chart itself—even if it was prepared at the request of counsel—is not covered by the attorney-client privilege.

The Court further agrees with plaintiff that sanctions may be warranted against TPG.  This is not the first time TPG has unreasonably withheld discovery in this case.  *See* Dkt. No. 113 at 1–

---

[1] The deposition notice attached to the present filing has been excerpted, so the Court cannot verify when it was served.  However, the filings in the earlier discovery dispute indicate the notice, including Topic 9, was served in September 2025.  *See* Dkt. No. 111-1.

2 (October 31, 2025 Order finding "that TPG has unreasonably been withholding discovery responses" including as to a Rule 30(b)(6) deposition). It appears that this fourth day of deposition is only needed (1) because TPG withheld the relevant chart in the first place, and (2) because TPG would not prepare or allow its deponent to testify as to the chart at the April 20 and May 4 depositions. Should plaintiff wish to recover his attorney's fees and costs of the court reporter for the continued deposition, he shall file an appropriate motion, no later than 14 days after the deposition, that complies in all respects with this district's Civil Local Rules, including Civil Local Rule 37-4 governing Motions for Sanctions under Fed. R. Civ. P. 37.

The Court repeats its admonition from the accompanying order on the discovery dispute with co-defendant Sunrise Operations LLC regarding the Court's upcoming unavailability as well as the need for the parties to comply strictly with the undersigned's Standing Order ¶ 3.

**IT IS SO ORDERED**.

Dated: May 21, 2026

_____
SUSAN ILLSTON
United States District Judge