UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW HUNT,

Plaintiff,

v.

SUNRISE OPERATIONS LLC, et al.,

Defendants.

Case No. 23-cv-06441-SI

**ORDER RE: "TENTH" DISCOVERY DISPUTE**

Re: Dkt. No. 167

Now pending before the Court is what the parties have labeled as their tenth discovery dispute. Dkt. No. 167. The Court has resolved eight prior discovery disputes.[1] *See* Dkt. Nos. 103, 111, 112, 122, 134, 135, 158, 160. Fact discovery closed May 29, 2026. Dkt. No. 140. The parties have filed dispositive motions that are in the process of being briefed. Trial is set for October 5, 2026. Dkt. No. 130.

In this case, plaintiff Andrew Hunt, an Orthodox Christian, alleges that defendants refused to consider accommodating his religious beliefs against receiving the Covid-19 vaccine and that he was terminated as a result. He brings this action for religious discrimination under Title VII of the Civil Rights Act of 1964 as well as the California Fair Employment and Housing Act ("FEHA").

With the present dispute, defendants ask the Court "to compel Plaintiff to provide code compliant responses to one Request for Admission, one Interrogatory, and two Request[s] for Production."[2] *Id.* at 2. The discovery requests pertain to plaintiff's vaccine history, prescription

---

[1] The "ninth" discovery dispute is not yet ripe. *See* Dkt. Nos. 165, 166, 169.

[2] It appears from the discovery dispute statement that there are three RFPs at issue.

United States District Court
Northern District of California

medications, and medical treatment.[3]  Plaintiff argues that he has already provided code compliant responses and that that is enough.  *Id.* at 4.

At a high level, the Court agrees with defendants that plaintiff "has put his use of vaccines and similarly developed medications directly at issue in this case."  *Id.* at 2.  Defendants have excerpted the statement plaintiff submitted in support of his vaccine exemption request, which states his objection that "[t]he COVID-19 shots from Moderna and Pfizer contain synthetic mRNA and a myriad of other foreign materials . . . ."  *Id.*  Defendants are entitled to discovery to test the sincerity of plaintiff's beliefs.  Additionally, defendants have indicated, and plaintiff does not dispute, that in order to be eligible to sail, mariners such as plaintiff must report all of their medications on a form submitted to the United States Coast Guard and that the use of certain medications is disqualifying.  *Id.* at 2 & n.1 (see Form CG-719K, *at* https://www.dco.uscg.mil/Portals/9/NMC/pdfs/forms/CG_719K.pdf).

The Court now rules as follows.

**Request for Admission, Set 2, No. 17**: Defendants asked plaintiff to authenticate what they understand to be plaintiff's International Certificate of Vaccination, provided by a third party.  In response, plaintiff stated his objections and then summarily "denie[d] the Request."  Dkt. No. 167-1, Ex. A at 3.  The Court finds plaintiff's barebones denial does not meet the standard set forth in Federal Rule of Civil Procedure 36(a)(4), which states,

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. . . .

Fed. R. Civ. P. 36(a)(4); *see also Marchand v. Mercy Med. Ctr.*, 22 F.3d 933, 938 (9th Cir. 1994) (". . . to aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection. They should admit to the fullest extent possible, and explain in detail why

---

[3] Separately, plaintiff has moved to quash subpoenas to two pharmacies for his medical records.  Dkt. No. 168.  That motion is not yet fully briefed and is set for a hearing next month.

United States District Court
Northern District of California

other portions of a request may not be admitted.").

The Court ORDERS plaintiff to supplement his answer to RFA, Set 2, No. 17, **no later than June 19, 2026.**

**Interrogatories, Set 3, No. 20**: Defendants asked plaintiff to identify the pharmacies from which he obtained prescription medicines or vaccines between 2018 and 2023.  Dkt. No. 167-2, Ex. B.  Plaintiff's supplemental response states that he "does not recall obtaining any prescription medicines or vaccines from any pharmacy between 2018 and 2023.  Nor does Plaintiff believe that he obtained any prescription medicines or vaccines from a pharmacy during that time period." *Id.* at 4.  Defendant asks that plaintiff "be required to provide a response either identifying his medications and vaccines or stating in a verified response that he took none for the identified time period."  Dkt. No. 167 at 3.  Defendant notes that plaintiff "disclosed (or should have disclosed) medications he takes in the process of applying to the Coast Guard for a new medical certificate last year." *Id.*

The Court finds that the information sought in this interrogatory is relevant and not unduly burdensome or harassing.  The Court further finds plaintiff's response to be sufficiently evasive and equivocal to warrant further supplementation.  Answers in discovery "must be responsive, full, complete and unevasive." *Pilling v. Gen. Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).  "In responding to an interrogatory a party cannot unreasonably limit his answer to matters within his own knowledge and ignore information immediately available to him or under his control." *Id.*

The Court ORDERS plaintiff to conduct a diligent search to respond to this interrogatory. **No later than June 19, 2026,** plaintiff shall supplement his response by either identifying the pharmacies from which he obtained prescription medicines or vaccines between 2018 and 2023, or else he shall state in a verified response that he took none during the identified time period.  By that same date, plaintiff shall also produce a copy of any Form CG-719K or equivalent that he submitted to the United States Coast Guard from 2018 to present.

**Defendant Sunrise's Requests for Production, Set Five, Nos. 125-127**: As to the medical

records sought in these RFPs, plaintiff states that his counsel and prior defense counsel reached an agreement regarding these document requests last year and objects that he should not have to respond again. At the same time, plaintiff states that "he was unable to locate responsive documents." Dkt. No. 167 at 5. Defendants say that after numerous meet and confers, this discovery dispute statement is the first time current counsel has heard of such an agreement and that nothing has been produced.

The Court first notes that this dispute should have been resolvable through further meet and confer. In the interests of moving this case along, the Court ORDERS that plaintiff re-produce his responses, produce any responsive documents, and produce any agreements/communications reached with prior counsel regarding these RFPs **no later than June 19, 2026.** If plaintiff did already respond to these requests, it should not be particularly burdensome for him to re-produce his responses. The Court OVERRULES plaintiff's objections based on timeliness. The Court further OVERRULES plaintiff's objection that the request for his medical information is not relevant or proportional, given that plaintiff has put his medical and vaccination history at issue in this case.

**IT IS SO ORDERED**.

Dated: June 16, 2026

_____

SUSAN ILLSTON
United States District Judge