UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW HUNT,

        Plaintiff,

    v.

SUNRISE OPERATIONS LLC, et al.,

        Defendants.

Case No. 23-cv-06441-SI

**ORDER GRANTING IN PART PLAINTIFF'S MOTION TO QUASH SUBPOENAS**

Re: Dkt. No. 168

Plaintiff Andrew Hunt moves to quash defendants' subpoenas to Lakeside Pharmacy and Oroville Pharmacy or for a protective order. Dkt. No. 168 ("Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for resolution without oral argument and VACATES the hearing set for July 17, 2026.

On April 2, 2026, defendant Sunrise served written discovery on plaintiff. Dkt. No. 180-1 ("McCullough Decl.") ¶ 2 & Ex. A. Among other things, defendant sought the name and address of all pharmacies where plaintiff obtained prescription medicines or vaccines between 2018 and 2023 and sought production of all pharmacy records, prescription histories, and medication dispending records for plaintiff from 2018 to present. *Id.* at Exs. A, B. Plaintiff's responses were due May 4, 2026. On May 4, 2026, plaintiff contacted defense counsel asking for a one-week extension of time to respond, and defendants agreed. McCullough Decl. ¶¶ 5-6. On May 11, 2026, plaintiff served his discovery responses, objecting to nearly all of the requests and producing no documents. *Id.* ¶ 7 & Ex. C.

On May 20, 2026, defendants served subpoenas on Oroville Pharmacy and Lakeside Pharmacy, requesting production of:

> Any and all medical records and related documents of any kind or nature which relate to any treatment, evaluation, diagnosis, surgery, appointment or visit of any kind of Andrew H. Hunt, DOB: [redacted], by or with any physician, psychiatrist, psychologist, chiropractor, acupuncturist, physical therapist, pharmacist or other health care provider, including, but not limited to, all charts, notes, audio or video recordings, X-rays, MRIs, insurance records, laboratory results, test results, medication records, pharmacy records, billing information, correspondence or other documents in any way relating to medical treatment, evaluation or diagnosis of any kind, whether paper or electronic, from January 1, 2018 to the present.

Dkt. Nos. 168-2, 168-3. The subpoenas sought production by June 9, 2026. Fact discovery cut-off was May 29, 2026. Dkt. No. 139 at 4. On June 16, 2026, after plaintiff filed his motion to quash, the Court ruled on the parties' "tenth" discovery dispute, overruling plaintiff's objection that certain discovery requests for his medical information were not relevant or proportional and ordering that plaintiff provide substantive responses on some of the same information now sought in the subpoenas. *See* Dkt. No. 175.

In his motion to quash, plaintiff argues that the subpoenas are untimely and also that they are overbroad and disproportionate and invade his medical privacy. In the alternative, plaintiff seeks a protective order limiting production to "narrowly tailored, non-privileged, non-private information subject to appropriate safeguards." Mot. at 1. Plaintiff states that in email communications with defense counsel, defendants offered to narrow the scope of what is sought in the subpoenas, but plaintiff avers that this is not the proper procedure and that defendants must withdraw the subpoenas and issue new ones.

Defendants respond that any problems with timing are because plaintiff "ran out the clock for Defendants to subpoena and obtain his pharmacy records before the discovery cut-off" by asking for a one-week extension to respond to discovery requests and then by responding only with objections. Dkt. No. 180 ("Opp'n") at 3. In opposing the motion, defendants request "that discovery be reopened for the limited purposes of allowing Defendants to subpoena records from any pharmacy or health care provider identified by Plaintiff in response to the Court order compelling such information." *Id.*[1]

Pursuant to Federal Rule of Civil Procedure 45, a party may serve a subpoena upon a non-

---

[1] Both parties agree that Oroville Pharmacy is no longer in business, so the only subpoena still in dispute is the one to Lakeside Pharmacy. *See* Mot. at 3; Opp'n at 2 n.1, 7.

2

United States District Court
Northern District of California

party, commanding the non-party to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii). Federal Rule of Civil Procedure 45 also provides that a court must quash a subpoena that, among other things, "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii), (iv). "Generally speaking, a party to an action does not have standing to move to quash a subpoena served upon a nonparty unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *Glass Egg Digital Media v. Gameloft, Inc.*, No. 17-cv-04165-MMC (RMI), 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019). The party moving to quash a subpoena bears the burden of persuasion. *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 WL 1570043, at *1 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005).

The Court agrees with plaintiff that the subpoena request was overbroad but also overrules any timeliness objections. The Court finds the timeliness objections invalid in light of plaintiff's request for an extension of time to respond to the discovery requests and his subsequent responses consisting mainly of objections. Although it is true that defendants could have issued the subpoenas to the pharmacy on its own, it is also the case that the Court subsequently found plaintiff's objections to the discovery requests defendants issued to him were not valid. *See* Dkt. No. 175. Following the Court's discovery order, plaintiff finally served supplemental responses on June 22, 2026, identifying Lakeside Pharmacy as responsive to defendants' request. *See* Opp'n at 7; McCullough Decl. ¶ 17. If plaintiff had provided this simple response by the original deadline of May 4, 2026, defendants could have subpoenaed Lakeside Pharmacy several weeks earlier.

As to the breadth of the subpoena, the attached communications indicate that defendants offered to "write to the pharmacies clarifying that only vaccine and prescription medication records are responsive to the subpoenas, and nothing other than vaccine and prescription medication records should be produced." Dkt. No. 168-4 at 2. The attached e-mails do not indicate that plaintiff provided any response to this offer other than to object that defendants "would need to revoke the prior subpoena and reissue the new one" but that this could not be done because of the discovery

cut-off. *Id.* at 1. The Court finds defendants' e-mail offer to narrow the scope of the subpoenas to be reasonable.

Accordingly, and for good cause shown, the Court **GRANTS IN PART** plaintiff's motion to quash the subpoenas issued to Oroville Pharmacy and Lakeside Pharmacy on May 20, 2026. The original subpoenas shall be quashed, but the Court will permit defendants to re-issue a more narrowly tailored subpoena to Lakeside Pharmacy. The Court **ORDERS** that discovery is hereby re-opened for the limited purpose of allowing defendants to subpoena records from Lakeside Pharmacy, subject to defendants narrowing the scope of the documents sought to encompass only plaintiff's vaccine and prescription medication records for the relevant period.

Like many of the discovery disputes in this case, this one should have been resolved without judicial involvement. Such behavior wastes both the Court's time and the clients' resources. Because the Court has now been required to rule on nine discovery disputes and a motion to quash that defendants say was not properly raised through the meet-and confer-process, the Court hereby **ORDERS** that the parties may not file further discovery disputes, motions to compel, or motions to quash unless they have met and conferred **in good faith, in person prior to filing any such dispute with the Court.** This includes any further disputes regarding the Ninth Discovery Dispute (Dkt. No. 165), which plaintiff has indicated is not yet ripe (Dkt. No. 168), and the further dispute regarding the Tenth Discovery Dispute (Dkt. No. 182), in which the parties did not file any further statement by the July 10, 2026 deadline set by the Court. *See* Dkt. No. 186 at 3.

**IT IS SO ORDERED**.

Dated:  July 14, 2026

_____
SUSAN ILLSTON
United States District Judge

United States District Court
Northern District of California

4