UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW HUNT,<br>Plaintiff,<br>v.<br>SUNRISE OPERATIONS LLC, et al.,<br>Defendants. | Case No. 23-cv-06441-SI<br><br>**ORDER DENYING AS MOOT NINTH DISCOVERY DISPUTE STATEMENT**<br><br>Re: Dkt. No. 165 |

On June 5, 2026, the parties filed their ninth discovery dispute statement regarding defendants' responses to discovery requests plaintiff served following depositions of the Rule 30(b)(6) witnesses of defendants Sunrise and Pasha. Dkt. No. 165. Plaintiff filed the discovery dispute "[i]n order to preserve Plaintiff's right to file a motion to compel, . . . should Defendant not comply with the parties' agreement regarding the outstanding discovery disputes." *Id.* at 2. Plaintiff further stated: "Plaintiff respectfully requests the Court to hold off on ruling, as Plaintiff believes that a lot, if not all of these issues will be resolved when Defendant provides the responses and documents it says are forthcoming. Plaintiff will follow up with the Court if any items remain outstanding after June 11, 2026." *Id.* at 3. On June 12, 2026, plaintiff's counsel filed a statement that "Defendant's counsel has resolved some of the outstanding issues" and "has requested more time to produce the remaining responsive documents." Dkt. No. 169 ¶¶ 4-5. Plaintiff's counsel further stated, "Plaintiff's counsel is hopeful that these documents will be produced quickly and, if so, will withdraw the letter brief." *Id.* ¶ 6. Neither side has filed any follow-up on the ninth discovery dispute since June 12.

In all, the Court has resolved nine discovery dispute statements and one motion to quash in this case. The fact discovery cut-off was May 29, 2026. Dkt. No. 139 at 4. In its July 14, 2026

Order granting in part plaintiff's motion to quash subpoenas, the Court observed:

> Like many of the discovery disputes in this case, this one should have been resolved without judicial involvement. Such behavior wastes both the Court's time and the clients' resources. Because the Court has now been required to rule on nine discovery disputes and a motion to quash that defendants say was not properly raised through the meet-and confer-process, the Court hereby **ORDERS** that the parties may not file further discovery disputes, motions to compel, or motions to quash unless they have met and conferred **in good faith, in person prior to filing any such dispute with the Court.** This includes any further disputes regarding the Ninth Discovery Dispute (Dkt. No. 165), which plaintiff has indicated is not yet ripe (Dkt. No. 168). . . .

Dkt. No. 198 at 4.

In light of the July 14, 2026 Order and the fact that plaintiff has filed no follow-up to the Ninth Discovery Dispute since June 12, the Court hereby ORDERS that the Ninth Discovery Dispute at Dkt No. 165 be DENIED AS MOOT. Should any dispute remain, the parties shall re-file a new statement that complies in all respects with this Court's Standing Order on discovery disputes and with the July 14, 2026 Order requiring a good faith, in person meet and confer effort prior to filing any further discovery disputes.

**IT IS SO ORDERED**.

Dated: July 29, 2026

SUSAN ILLSTON
United States District Judge