United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDREW HUNT,

Plaintiff,

v.

SUNRISE OPERATIONS LLC, et al.,

Defendants.

Case No. 23-cv-06441-SI

**FINAL PRETRIAL SCHEDULING ORDER**

Re: Dkt. Nos. 222, 224, 225, 226, 235, 236, 237, 241

On September 23, 2026, the Court held a final pretrial conference in the above captioned matter, which is set for a bench trial beginning October 5, 2026. All parties were represented by counsel. The following matters were resolved:

**1. Trial exhibits:** No later than Friday, October 2, 2026, at 1:00 p.m. the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit, and with an index. The Court shall be provided with three sets (one set for the Court, one set for the witnesses, and one electronic set).

**2. Deposition transcripts:** For those witnesses who will appear by deposition, the parties shall submit the written deposition transcript to the Court no later than October 2, 2026, at 1:00 p.m., with designations and objections clearly highlighted on the transcript itself and with an accompanying chart for the Court to rule on any objections. For the one witness who will appear by deposition and whose deposition was not videotaped (Rev. Bricker), the parties shall submit the written transcript to the Court no later than October 5, 2026, at 1:00 p.m., with designations and objections clearly highlighted on the transcript itself and an accompanying chart for the Court to rule on any objections in advance. The videotaped depositions will be played in open court during

trial.

**3. Timing of trial:** The parties estimate trial should take 5 days total. The parties shall have about 12 hours per side for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits. The parties shall be prepared to give brief opening statements of what they expect the evidence will show. Closing arguments are not anticipated at this time.

**4. Trial schedule:** Trial will begin on October 5, 2026, at 9:00 a.m. The trial day runs from 9:00 a.m. until 4:00 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at noon and a 15 minute break at 2:00 p.m., all times approximate. Although the Court typically does not hear trials on Fridays, the Court will endeavor to make several hours of trial time available on Friday, October 9, 2026, if needed to complete trial.

**5. Motions in limine:** Plaintiff has filed seven motions in limine (plus two deemed "withdrawn"). Dkt. No. 241. Defendant has filed three motions in limine. Dkt. Nos. 235, 236, 237. After consideration of the arguments made in the briefs and at the pretrial conference, and as discussed at the pretrial conference, the Court rules on the motions in limine as follows:

<u>Plaintiff's Motion re: Anticipated Evidentiary Issues</u>: Dkt. No. 241 at 1-2. DENIED as moot. Both parties shall comply with the Federal Rules of Evidence.

<u>Plaintiff's MIL No. 1</u> (to exclude evidence or argument that plaintiff resigned, quit, or otherwise did not suffer an adverse action): DENIED without prejudice to specific objections at the time of trial.

<u>Plaintiff's MIL No. 2</u> (to exclude undisclosed evidence): The parties are ORDERED to meet and confer in advance of trial to attempt to reach resolution on the introduction of those exhibits that were not already produced/filed on the docket, so as to avoid wasting time at trial. **The parties**

**shall file a joint statement on the status of this dispute no later than October 1, 2026.**

Plaintiff's MIL No. 3 (to preclude argument, testimony, and evidence that the neutrality of the vaccine requirement defeats Hunt's claims): DENIED without prejudice to specific objections at the time of trial.

Plaintiff's MIL No. 4 (to exclude witness testimony on legal conclusions and lay medical, epidemiological, and public health opinions): DENIED without prejudice to specific objections at the time of trial.

Plaintiff's MIL No. 5 (to exclude plaintiff's pharmacy records): Defendant states it will not offer these pharmacy records into evidence but may use them at trial to refresh plaintiff's recollection and/or to impeach plaintiff. DENIED without prejudice to specific objections at the time of trial.

Plaintiff's MIL No. 6: withdrawn. DENIED as moot.

Plaintiff's MIL No. 7 (to limit expert testimony to disclosed opinions within the expert's own report): DENIED without prejudice to specific objections at the time of trial.

Plaintiff's MIL No. 8: withdrawn. DENIED as moot.

Plaintiff's MIL No. 9 (to exclude evidence and argument challenging the reasonableness, orthodoxy, or denominational acceptance of Mr. Hunt's sincere religious belief): DENIED without prejudice to specific objections at the time of trial.

Defendant's MIL No. 1 (to exclude non-plaintiff testimony about religious belief, vaccine status, views on abortion or fetal tissue research): DENIED without prejudice to specific objections

United States District Court
Northern District of California

at the time of trial.

Defendant's MIL No. 2 (to preclude witnesses from vouching for plaintiff's credibility and sincerity): DENIED without prejudice to specific objections at the time of trial.

Defendant's MIL No. 3 (to exclude plaintiff expert Dr. Mahla): This motion challenges Dr. Mahla's opinions as lacking proper factual foundation. As discussed at the pretrial conference, whether the testimony is relevant will turn on the facts that are adduced at trial. DENIED.

**6. *Daubert* motions:** Plaintiff has filed four motions to exclude defendant's retained experts John Compton, Ph.D; Henry Kahrs, C.P.A.; David Fractor, Ph.D.; and retired Rear Admiral Richard Timme. Dkt. Nos. 222, 224, 225, 226. The Court has reviewed the reports and the qualifications of the four experts in question and finds they are all qualified to testify at trial. Should any expert attempt to offer opinions outside his respective area of expertise or to offer opinions beyond what was disclosed in the reports, plaintiff may raise appropriate objections at trial. Plaintiff's motions also attack the factual assumptions underlying certain of the experts' opinions. For instance, plaintiff argues that Mr. Kahrs's calculation of the cost of a 14-day full crew quarantine and full crew change-out is irrelevant under the COVID-19 quarantine guidance in effect in late 2021. As discussed at the pretrial conference, the relevance and accuracy of the factual assumptions underlying the experts' opinions will turn on what evidence comes out at trial. Again, plaintiff may challenge the bases for the experts' opinions on cross-examination and may raise appropriate objections at trial.

**IT IS SO ORDERED**.

Dated: September 23, 2026

Susan Illston

SUSAN ILLSTON
United States District Judge